MORGAN *v.* PICKARD.

(*Nashville.* December 15th, 1887.)

1. COSTS IN CRIMINAL CASES. *State's liability for. Taxed to prosecutor. Return of nulla bona.*

Costs of criminal proceedings cannot be taxed to the State, *without express statutory authority ;* and, for want of such authority, the costs of a frivolous and malicious prosecution for felony, taxed by a Justice to the prosecutor, on dismissal of the case, cannot afterwards, on return of execution *nulla bona,* be legally taxed and certified against the State.

Code cited : ⸿⸿ 6465, 6457, 6458 (M. & V.) ; ⸿⸿ 5585, 5579, 5580 (T. & S.).

Cases cited and approved : State *v.* Womack, 1 Lea, 559 ; Prince *v.* State, 7 Hum., 137 ; Tucker *v.* State, 2 Head, 556.

(See 2 Yer., 578 ; 3 Hum., 13 ; and Code, ⸿⸿ 6433, 5269 (M. & V.) ; ⸿⸿ 5561, 4517 (T. & S.).

2. SAME. *Same. Judgment and certified bill for illegal costs are void. Comptroller's duty.*

A judgment against the State for the costs of a felony prosecution, which were adjudged in the first instance against the prosecutor, is absolutely void ; and the Comptroller should refuse to pay the certified bill based thereon.

Code cited : ⸿⸿ 6442, 6443 (M. & V.) ; ⸿⸿ 5569, 5570 (T. & S.).

Case cited and approved : State *v.* Nolan, 8 Lea, 663.

(See Code, ⸿ 238, sub-secs. 1, 2, 20 (M. & V.) ; ⸿ 207, sub-secs. 1, 2, 20 (T. & S.).

Case cited and distinguished : State *v.* Puckett, 7 Lea, 709.

(See Code, ⸿⸿ 582, 585, 586 (M. & V.) ; ⸿⸿ 525, 527, 528 (T. & S.).

3. MANDAMUS. *Comptroller. Costs in criminal cases. Void judgment.*

The Comptroller will not be compelled by mandamus to issue his warrant upon the State Treasury for a bill of costs in a felony case, certified upon an unauthorized and void judgment against the State.

Case cited and approved: State *v.* Nolan, 8 Lea, 663.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. W. K. McALISTER, J.

Petition for writ of mandamus to compel the Comptroller to draw his warrant on the State Treasury for a certified bill of costs in a felony case. The costs involved accrued, on behalf of the State, in the prosecution of one Cooper, before a Justice, for a felony.

This prosecution was dismissed by the Justice, as frivolous and malicious, and the prosecutor, Click, taxed with all the costs.

After execution against the prosecutor for these costs had been returned *nulla bona,* the Justice filed all the papers in the Circuit Court, where judgment was rendered against the State for all costs accruing on her behalf. This judgment recited the above facts on its face.

The Judge and Attorney-General then certified the bill of costs thus adjudged to the Comptroller for payment, which was refused. The parties to

whom the costs were due then filed the petition in this case for mandamus.

The defendant demurred, on the ground that there was no authority of law by which the State could be made liable for costs of a felony prosecution, adjudged in the first instance against the prosecutor; and that the judgment of the Circuit Court and the certified bill issued thereon were void.

The demurrer was sustained, petition dismissed, and plaintiff appealed.

A. D. MARKS, J. H. HOLMAN, and —— CARTER for Petitioners.

Attorney-General PICKLE for Pickard.

LURTON, J. State not taxable with these costs.

*First*—The recovery of costs is given by statute, and unless there be some law authorizing it, the Court cannot give costs against any one. The State cannot be taxed with costs of a criminal proceeding unless there be express statutory authority. Neither implication or conjecture will justify it. *Prince* v. *State*, 7 Hum., 137; *Tucker* v. *State*, 2 Head, 556; *State* v. *Womack*, 1 Lea, 559.

Where a prosecution for a felony has been dismissed by a Justice, and he taxes the prosecutor with the costs, as authorized by Sections 6457 and 6458, Code (M. & V.), there is no authority afterward, upon return of *nulla bona*, to tax the State's

costs to the State. Costs of criminal prosecutions which may be taxed to the State are enumerated in Section 6465, Code (M. & V.), and there is no authority under this section or any other to tax the State with costs where the costs have been taxed to the prosecutor. The case of the *State* v. *Womack*, 1 Lea, 559, is an authority in point.

· *Second*—The judgment against the State in this case was unauthorized by Sections 6442 and 6443, Code (M. & V.). The judgment referred to in the latter section is the original judgment taxing costs rendered against the State under the first four subsections of Section 6465, Code (M. & V.). *State* v. *Nolan*, 8 Lea, 663.

The State may not be sued, and no judgment can be rendered against the State for criminal costs save where expressly authorized by statute. The judgment must be in pursuance of statute. This judgment on its face shows that it was rendered by virtue of no statute, and it is void. *State* v. *Nolan*, 8 Lea, 663.

The case of the *State* v. *Puckett*, 7 Lea, 709, is not in point. The County Judge was by statute required to draw his warrant for costs when a bill of costs against the county, properly examined and certified by the Judge and District Attorney, is presented. If he deem the taxation erroneous, he may delay his warrant, and move a retaxation; but he has no power to revise a certified bill of costs. Code, §§ 582, 585, and 586. The Comptroller, on the other hand, is required to examine and adjust,

Morgan *v.* Pickard.

and to draw his warrant upon such adjusted claim. He cannot lawfully pay a void judgment. The Comptroller must draw his warrant whenever the claim is a lawful one and authorized by statute. If he refuse, mandamus is the remedy. 12 Heis., 613; 8 Lea, 663.

The demurrer to the alternative writ of mandamus was properly sustained. Judgment affirmed, with costs.