## STOUT v. STATE.

### (*Jackson.* April 19, 1892.)

CRIMINAL PRACTICE. *Liability of counties for costs in felony cases.*

Chapter 22, Acts 1891 (Extra Session), providing that counties shall pay the costs in felony cases where they are disposed of without final trial, has no application to felony cases in which the indictment was found before the passage of the Act.

Act construed: Acts* 1891 (Ex. Sess.), Ch. 22.

### FROM WEAKLEY.

Appeal in error from Circuit Court of Weakley County. W. H. SWIGGART, J.

CHARLES M. EWING for Stout.

Attorney-general PICKLE for State.

CALDWELL, J. On June 4, 1891, Sam Stout was indicted for larceny. In due course of time he was tried and convicted. Upon appeal in error to

---

* This Act became a law September 19, 1891. It was construed by an oral opinion, delivered at last term, at Nashville, in *Caswell* v. *State*, and held to render the counties liable for costs of felony cases (1) when *nolle prosequi* is entered; (2) when grand jury ignore the indictment; (3) when case is retired; (4) when case is dismissed by Justice of the Peace on preliminary trial.—REPORTER.

the present term of this Court, the judgment of
the Circuit Court was, on a former day, reversed
and a *nolle prosequi* entered by the State.

The case is now before us on the motion of
the Attorney-general, and we are asked to deter-
mine whether the State or the county shall pay
the costs accrued on behalf of the State.

Under the Code (§ 5585, subsec. 2, and § 5586),
they were taxable to the State, the offense charged
being punishable "by confinement in the peniten-
tiary." By Secs. 1 and 2, Ch. 22, Acts 1891 (Ex-
tra Session), that provision of the Code was so
amended and changed as to make the county lia-
ble for such costs in such a case. That act was
passed and approved on September 19, 1891, and
took effect "from and after its passage."

Which of the two statutes applies to this case,
the indictment having been found *before* the pas-
sage of the amendatory Act, and the *nolle prosequi*
having been entered *afterward?*

The intent of the Legislature does not very
clearly appear. Yet, we are of opinion that the
recent Act contemplates only such prosecutions as
may be commenced after its passage, and that cases
then pending are not embraced within its provis-
ions. This construction gives the Act prospective
effect only. A different construction would render
it retrospective, in part at least.

The costs in this case are, therefore, taxable
under the Code provisions.