State *v.* Odom.

STATE *v.* ODOM.

(*Nashville.*    February 22, 1894.)

1. CRIMINAL COSTS.    *State's liability is strictissimi juris.*

The liability of the State for costs of criminal prosecutions is *strictissimi juris.* It does not attach except in the special cases, and cannot be enforced except in the particular manner, distinctly prescribed by statute.

Cases cited and approved: State *v.* Delap, Peck, 91; Tucker *v.* State, 2 Head, 555; Avery *v.* State, 7 Bax., 328; State *v.* Nolan, 8 Lea, 663; State *v.* Martin, 10 Lea, 549; Morgan *v.* Pickard, 86 Tenn., 211.

2. SAME.    *Same.    Example.*

To justify judgment over against the State for State's costs previously adjudged against a defendant upon conviction for a felony, the Court must either adjudge defendant insolvent or have return of execution *nulla bona.* The certification of the bill of costs by the judge and district attorney, and its payment by the county, does not supply the want of such adjudication of insolvency or return of *nulla bona.*

Cases cited and approved: State *v.* Delap, Peck, 91; Tucker v. State, 2 Head, 555; State *v.* Martin, 10 Lea, 550.

3. SAME.    *Retaxation.*

A county that has improperly paid a duly certified bill of costs in a larceny case, for which the State and not itself was liable, cannot subsequently recover of the State the amount thus paid, by mere motion to retax costs in the original case. The proceeding would be, in effect, a suit against the State, which is forbidden by statute. Such payment would be voluntary and officious. The county's claim is not for costs, but for money paid for use and benefit of the State. The remedy, if any, is by appeal to the Legislature.

Code construed: § 3507 (M. & V.).

FROM DAVIDSON.

Appeal in error from Criminal Court of Davidson County.    J. M. ANDERSON, J.

State *v.* Odom.

Attorney-general PICKLE for State.

ELI T. MORRIS, WM. M. DANIEL, and J. M. DICKINSON for County.

WILKES, J. This is a motion to retax criminal costs in a case of felony. The costs in the cause were taxed at the January term, 1886, and have been paid by the county of Davidson, and the cause has gone off the dockets.

It appears that the costs of the State's witnesses summoned before the grand jury were adjudged against and paid by the county of Davidson, and the cause is now re-instated upon the docket, and motion is made to retax such costs against the State in favor of the county.

There are an indefinite number of such cases in the counties of Davidson and Montgomery, in which it is proposed to enter similar motions, and the present proceeding is to test the liability of the State in all cases similar to it.

A motion to retax all such costs as accrued and were paid by the county of Davidson within the last six years has been made and allowed in the Criminal Court of Davidson County, and the correctness of that action is not before us in this case.

In the present case, as well as in all others to be affected by this decision, the costs sought to be retaxed were adjudged, taxed, and paid more than six years before the motion in this cause was

made, and after the cases had been stricken from the docket, extending back indefinitely, perhaps to the organization of Davidson as a county, and involving, in the aggregate, many thousands of dollars.

The Judge of the Criminal Court of Davidson County disallowed the motion on grounds of public policy, and because of the great lapse of time and the laches of the county in seeking its remedy, and from his judgment the county of Davidson has appealed.

It is conceded by the Attorney-general for the State that the costs sought to be retaxed were not properly chargeable to the county of Davidson, but, as an original proposition, should have been taxed against the State; but it is now denied that the county of Davidson can have them retaxed.

It is well settled that no judgment can be rendered against the State for costs of criminal prosecutions, except such as are expressly authorized by statute, and it is equally well settled that all the requirements of the statutes in regard to costs chargeable to and adjudged against the State must be strictly complied with. *State v. Delap,* Peck, 91; *Tucker v. The State,* 2 Head, 555; *Avery v. The State,* 7 Bax., 328; *State v. Nolan,* 8 Lea, 663; *State v. Matlin,* 10 Lea, 549; *Morgan v. Pickard,* 2 Pickle, 211.

Upon an examination of the record in this cause, we are of opinion that it would not warrant a judgment against the State, even as an original proposition.

Defendant Odom was convicted of larceny. This being so, judgment should have been rendered against him for all the costs of his prosecution, and there should have been either an adjudication of his insolvency in the judgment or an execution should have been issued and returned *nulla bona* before any judgment could be rendered or costs retaxed against the State. *State* v. *Delap*, Peck, 91; *Tucker* v. *The State*, 2 Head, 555; *The State* v. *Matlin*, 10 Lea, 550.

All these facts must appear upon the face of the record, and the mere fact that the bill of costs has been made out and properly certified by the Judge of the Criminal Court and the prosecuting attorney for the State, and paid by the county, is not sufficient.

But a motion to retax costs in this and similar cases cannot be sustained.

The county of Davidson has no costs against the State of Tennessee. Its demand is more properly for money advanced and paid out for the use and benefit of the State, and cannot be maintained by a motion to retax costs in cases where the county of Davidson was not a party.

The county is not, and cannot be, legally a party in any prosecution for a mere felony which does not include a misdemeanor also. No legal judgment for costs could be rendered against it in such cases, and the payment of such judgment would be voluntary and officious, and no right

29—9 P

State *v.* Odom.

could grow out of such payment either to retax costs or for moneys expended.

In addition, no suit can be brought against the State without its permission, nor can the funds in the State treasury be reached by a judgment at law. Code (M. & V.), § 3507.

This is not a harsh application of the statute to Davidson County, but it is the application of the same statute which stands in the path of every creditor of the State, no matter how just or meritorious his demand may be. It does not follow that the State will not do exact justice to all her creditors.

An appeal to the General Assembly is the proper remedy, and, upon such appeal, the State will do that which, under all the circumstances, is right and proper as between it and the several counties.

The judgment of the court below is affirmed with costs.