HENDERSON *v.* WALKER.

(*Knoxville.* September 28, 1898.)

1. CRIMINAL COSTS. *Retaxation and correction of.*

A motion lies in the name of the county and County Judge to retax and correct bills of costs in criminal cases improperly taxed and certified against the county by the Criminal Judge and District Attorney, and the Judge or Chairman of the County Court may defer issuance of warrants therefor until retaxation can be had. (*Post, pp. 230–233.*)

Codes construed: §§ 495, 673, 4954 (S.); §§ 461, 586, 395 (M. & V.); §§ 528, 3212 (T. & S.).

2. SAME. *In habeas corpus cases.*

In habeas corpus cases, where the costs are not adjudged otherwise than against the State or county, the State must pay the costs when the charge is a felony, and the county when it is a misdemeanor. This method prescribed by the Code is not changed by Acts 1891, Ch. 22, prescribing a different rule as between State and county for payment of costs in criminal cases. (*Post, pp. 232, 233.*)

Act construed: Acts 1891, Ch. 22.

Code construed: §§ 7619–7621, 7022, 5542–5545 (S.); §§ 6465–6467, 5888, 4512–4515 (M. & V.); §§ 5585–5587, 5063, 3762–3765 (T. & S.).

Case cited: Stout *v.* State, 91 Tenn., 405.

3. SAME. *Same.*

The following fees should be taxed on behalf of the Clerk where costs are adjudged against the State or county in a *habeas corpus* case, to wit: 1. Filing petition, 25 cents; 2. For taking and filing affidavit to petition, 25 cents; 3. For issuing writ, 75 cents; 4. For bill costs, 50 cents; 5. For transcript to County Judge, 25 cents. (*Post, pp. 233, 234.*)

Code construed: §§ 6388, 5543. 5540 (S.); §§ 5301, 4513, 4510 (M. & V.); §§ 4551, 3763, 3760 (T. & S.).

4. SAME. *Same.*

The following fees should not be taxed on behalf of the Clerk where costs are adjudged against the State or county in *habeas corpus* cases, to wit: 1. For judgment, 75 cents; 2. For order to certify, 25 cents; 3. For certificate, 25 cents; 4. For seal, 50 cents. (*Post, pp. 233, 234.*)

Code construed: §§ 7595, 6388 (S.); §§ 6444, 5301 (M. & V.); §§ 5570a, 4551 (T. & S.).

Cases cited: Avery *v.* State, 7 Bax., 328; Perkins *v.* State, 9 Bax., 3.

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

TREWHITT & STANFIELD and M. H. CLIFT for Henderson.

C. R. EVANS and COOKE, SWANEY & COOKE for Walker.

WILKES, J. These cases are motions to retax costs, made by the County Judge of Hamilton County, and counter motions to strike the motions to retax from the files. The cases are test causes, brought to try the right to costs in a large number of cases involving considerable amounts. The matters, as presented to the Court, arise on *habeas corpus* proceedings, and may be divided into three classes: (1) Cases where the trial Judge held the party legally restrained of his liberty, and taxed

the county with the costs; (2) when the trial Judge held the party not legally restrained, but entitled to discharge, and taxed the county with costs; (3) when the trial Judge held the party legally restrained, but reduced the bonds, and taxed the county with costs.

It appears that these cases have been heard and acted on at chambers, from time to time, from 1890 to 1896, the trial Judge, on the hearing, making a memorandum upon the papers at the time of trial, and ordering the costs taxed and certified for payment to the County Judge at that time. In 1896 entries were made in open Court, and formal judgments entered according to these memoranda. The County Judge refused to recognize the liability of the county for the costs, and refused to issue his warrant for the same until he could move the Circuit Court to retax the costs. He has made such motions, and the Clerk of the Circuit Court, by whom said costs are claimed, has moved to strike the motions from the files.

It is insisted that the motion to retax is made too late, inasmuch as the costs have been certified by the Judge and Attorney-general, which, it is insisted, has the force of a judgment final. The statute (Shannon, Sec. 673; Code 1858, Sec. 528) provides: "If the Judge or Chairman of the County Court, when a bill of costs (thus) authenticated is presented to him, and his warrant for the payment of the same is demanded, conceive that said costs,

or any part of it, is not lawfully chargeable to the county, he may defer the issuance of his warrant until he has moved the Court for a correction."

The warrant is demanded in these cases under and by virtue of the judgments entered at September term, 1896. The motions to retax were made by the County Judge June, 1897.

In many of the cases involved, the charge on which the prisoner was held was a felony. In such cases, where the petitioner is illegally held, and therefore discharged, the county should not pay the costs, and the motion to retax is sustained. Shannon, § 5543. In felony cases, where the petitioner was held as being legally in custody, the same rule must prevail. Shannon, §§ 5542–5545.

It is true that § 5542 gives the trial Judge discretion to tax the costs as he may think right, but this means according to the general provisions and analogies of the law between the petitioner on the one hand and State and county on the other. This section provides that the costs shall be taxed and collected as in other cases. Under the provisions of the statutes in other cases, the State pays the costs of prosecuting felonies unless they are taxed to the defendant, under § 5542, and the county pays such costs in misdemeanor cases. This is the general rule underlying the taxation of costs in felony and misdemeanor cases. It follows, in accordance with this general rule, that in felony cases, when the petitioners are illegally held and discharged,

or the bond reduced on the petition, the State should pay the costs; in misdemeanor cases, under like conditions, the county should pay them in so far as they are properly taxed. Nor is this rule affected by the provision of the Act of the extra session of 1891, brought into Shannon's compilation as § 7619, *et sequitur,* inasmuch as the Act has no application to this case. By that Act counties are required to pay costs in felony cases in four instances only—(1) when *nolle prosequi* is entered, (2) when the grand jury ignores the indictment, (3) when the case is retried, (4) when the case is dismissed by a Justice of the Peace on preliminary trial. Shannon, §§ 7619–7621, also § 7022; *Stout* v. *State,* 7 Pickle, 405, and note. We need not, therefore, consider this Act any further.

Specific items of cost are also brought in question in the following cases:

1. The cost of filing the petition, 25 cents. This is properly taxable. Shannon, §§ 5540, 6388, Subsec. 7.

2. For taking and filing affidavit to petition, 25 cents. This is a proper item of cost. Shannon, § 6388, Subsec. 8.

3. For issuing writ, 75 cents. This is a proper item. Shannon, § 6388, Subsec. 1.

4. Judgment, 75 cents. This is not a proper item. The Judge himself indorses the judgment on the papers, both the result of the case and the costs. The Clerk makes a memorandum of it on his

execution docket, but this memorandum on the execution docket is not a judgment for which he is entitled to costs of 75 cents.

5. Bill of costs, 50 cents. This is proper. Shannon's compilation, §§ 5540, 6388, Subsec. 48.

6. Order to certify, 25 cents. This is not a proper item. *Avery* v. *State*, 7 Bax., 328. It is not an order, or motion and order thereon, under § 6388, Subsec. 10, for no such order or motion was made at the time.

7. Certificate, 25 cents. This is not a proper item. *Perkins* v. *State*, 9 Bax., 3.

8. Transcript to County Judge, 25 cents. This is a proper item. §§ 5540, 5543.

9. Seal, 50 cents. This is not proper. Shannon, § 7595.

The motions are properly made in the name of the county and Judge of the County Court representing the county. Shannon, §§ 673, 4954. This is not a case which falls under the provisions of the statute. Shannon, § 495. The judgments of November 14, 1896, are irregular. They purport to be rendered upon proceedings had many years before, in 1891, at chambers. No bills of cost were then certified by the Circuit Judge and delivered to the County Judge, as the law provides. Shannon, § 5545. The so-called judgments were not rendered in cases at the time before the Court, either at chambers or otherwise, but on petitions disposed of at chambers from one to five years before that time. The

Henderson *v.* Walker.

bills were not certified to by the person who was then District Attorney, but by his successor, who could have no personal knowledge of the cases. It is not intended to hold that a successor, in proper cases, may not certify.

The result is that the judgment of the Court below is affirmed, with costs against the appellant.