### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION.

### KNOXVILLE, SEPTEMBER TERM, 1916.

STATE *ex rel. v.* WILL CUMMINGS, County Judge.

(*Knoxville.* September Term, 1916.)

1. MANDAMUS. Issuing warrant. Compensation of witness. Action.

Where the county illegally re-arrested a defendant against whom an execution for costs had been issued, and collected the costs by his labor, a claim against the county by a State's witness on the theory that the case should be treated as if he voluntarily paid the costs to the county, as he did not resist arrest, could only be presented by suit against the county for money had and received for the use of the witness, and not by bill for *mandamus* to compel the county judge to sign a warrant. (*Post, pp.* 43,44.)

Acts cited and construed: Acts 1897, ch. 20, sec. 1, subsec. 3.

Cases cited and approved: State v. Odom, 63 Tenn., 446; State v. Martin, 78 Tenn., 549; Hamilton v. State, 68 Tenn., 355; State v. Davidson Co., 96 Tenn., 178; Working & Dorris v. State, 131 Tenn., 186.

Code cited and construed: Sec. 7619, subsec. 3 (S.).

136 Tenn.]                (39)

State ex rel. v. Cummings.

2. **WITNESSES.  Compensation.  Liability of county.**

Under the Jarvis Law (Acts 1897, chapter 20) section 1, subsec.
3, providing that neither State nor county shall be liable to
pay costs in criminal cases where security has been accepted
by officer taking security and an execution has afterwards
been returned *nulla bona* as to defendants and securities, but
providing in the second proviso that compensation and mileage
of State witnesses required to attend in a county other than
that of their residence or more than five miles from that resi-
dence shall be paid as in all cases heretofore, and Shannon's
Code, section 7619, subsec. 2, and section 7621, providing that
the costs in a case in which a *nolle prosequi* has been entered
must be paid by the county, where the State entered a *nolle
prosequi* and accepted his bond for costs, a State's witness resid-
ing another county more than five miles from the courthouse
could recover his costs from the county. (*Post, pp.* 44-46.)

Acts cited and construed: Acts 1913, ch. 25,

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton
County to the Court of Civil Appeals, and by *certior-
ari* to the Court of Civil Appeals from the Supreme
Court.—W. B. GARVIN, Chancellor.

SAM E. WHITAKER, for relator.

FORD & YANNELL, for respondent.

MR. CHIEF JUSTICE NEIL delivered the opinion of
the Court.

This was a bill filed in the chancery court of Ham-
ilton county for *mandamus* to compel the county

judge to issue a warrant for costs alleged to be due the relator. There was a demurrer to the bill, stating several grounds, the substance of which was that the bill showed no merits. The chancellor overruled the demurrer, and his decree was affirmed by the court of civil appeals. The case was then brought to us by the writ of *certiorari.* We think that the judgment of the two courts mentioned was correct, and must be affirmed.

It appears from the allegations of the bill that the relator was a state's witness in a certain prosecution against one W. B. Cross on a charge of obtaining money under false pretenses. The relator was subpoenaed and he duly attended, from time to time, until the items of costs due and taxed in his favor amounted to $63. Finally, when Cross had refunded the amount of money which he had obtained by his false pretenses, the state entered a *nolle prosequi,* on condition that Cross would either pay the costs, or secure them. He entered into a bond with certain sureties, but when execution was issued thereon, it was returned *nulla bona.* Thereupon the state caused Cross to be rearrested, and he was committed to the workhouse of Hamilton county, where he remained until he had paid the costs by his labor. The cost bill was approved by the judge and attorney-general, and the judgment over against the county was taken. The honorable county judge, on looking into the matter, as the law requires of him, was of the opinion that the account should not be paid, and

so refused. The bill charges, not in very express terms, but sufficiently, as we think, that the relator was a resident of Franklin county, and, of course, lived more than five miles from the court-house in Hamilton county, at the time he was summoned and served as a witness for the State. As stated, this charge is very vague in the bill, but it seems to be treated as a fact on both sides, and we shall so treat it, feeling sure that such is the fact, and that the parties have rightly so treated it.

The fee of a witness for the state living in another county more than five miles from the courthouse of the county to which he is summoned is specially excluded from the Jarvis Law (Acts 1897, chapter 20, section 1, subsec. 3). This subsection provides that such fees "shall be paid in all cases as heretofore." Under Shannon's Code, section 7619, subsec. 2, and section 7621, the costs in a case in which a *nolle prosequi* has been entered must be paid by the county. *Working & Dorris* v. *State*, 131 Tenn., 186, 174 S. W., 256. To make this clear we will quote sections 7620 and 7621, viz.:

"7620. The costs which have accrued in any criminal prosecution for offenses punishable with death or by confinement in the penitentiary, in cases accruing under subsections 1, 3, and 5 of the foregoing section [7619] shall be paid by the State.

"7621. Similar costs in criminal prosecutions for offenses punishable in any other way than by death or confinement in the penitentiary, also similar costs

State ex rel. v. Cummings.

in criminal prosecutions for offenses punishable with death or confinement in the penitentiary, in cases accruing under subsections 2 and 4 of section 7619, shall be paid by the county.''

Subsection 2 of section 7619 reads:

''When the prosecution is dismissed, or a *nolle prosequi* entered by the State.''

There was an execution with *nulla bona* return as is proper when judgment is to be rendered against State or county for costs. *State* v. *Odom,* 9 Pickle (93 Tenn.), 446, 25 S. W., 105; *State v. Martin,* 10 Lea (78 Tenn.), 549.

We do not attach any importance to the fact that Cross was rearrested after he had given bond and security for the costs, as such rearrest was illegal. *Hamilton* v. *State,* 9 Baxt. (68 Tenn.), 355. In that case it was held that where a person is convicted and fined, and the court accepts security for the fine and costs, and the defendant is released, he cannot be rearrested at a subsequent term upon failure of the sheriff to make the money. It is said in that opinion that in such a case, where no fraud was practiced, the remedy is upon the bond alone.

Likewise we do not consider the contention of the relator that inasmuch as Hamilton county had collected the costs by the labor of Cross it should in any event pay the same to the witnesses; that, although Cross was illegally rearrested, the case should be treated as if he had voluntarily paid the costs to the county, since he did not resist the arrest. If

there be anything in the point, it would have to be presented in the way of a suit against Hamilton county for money had, and received, for the use of the witnesses, and not by way of a bill for *mandamus* to compel the county judge to sign a warrant. The case of *State* v. *Davidson County,* 96 Tenn. (12 Pickle), 178, 33 S. W., 924, seems to make a distinction between costs collected by the county in cash, and those collected by labor, of convicts in the workhouse when an effort is made to compel the county to refund. But we do not decide this particular phase of the case.

It is insisted in behalf of the county, inasmuch as the security was given in the manner stated, the witnesses for the State were compelled to rely thereon, and reference is made to subsection 3 of section 1 of the Jarvis Law above mentioned. That section does provide that neither state nor county shall be liable to pay any costs in a criminal case where security has been accepted by the officer taking security, and an execution afterwards has been returned *nulla bona,* as to the defendant and his sureties. This provision, however, must be understood in connection with its context, which we shall now consider.

The first sentence in section 1 is that neither the state nor any county shall be liable in any criminal prosecution for any costs or fees thereafter accruing except in certain classes of cases. Then follow under exception No. 1 cases of homicide, rape, robbery, burglary, arson, embezzlement, incest, or bigamy

where the prosecution proceeds to a verdict in a circuit or criminal court. By the Acts of 1913, chapter 25, this exception was extended so as to cover "all other felonies."

The second exception covers cases under the small offense law where the defendant has submitted before a justice of the peace, and has been sent to the workhouse.

The third exception covers cases where the defendant has been convicted in a court of record and execution issued upon the judgment against the defendant has been returned *nulla bona*. This exception is followed by two *provisos*. The first is that neither the state nor any county shall be liable for costs where security has been taken, and execution afterwards returned *nulla bona* as to the defendant and his sureties. The second *proviso* is that compensation for boarding prisoners, expenses of keeping and boarding juries, compensation of jurors, costs of transcripts in cases taken to the supreme court by appeal or writ of error, mileage and legal fees for removing or conveying criminals and prisoners from one county to another, or from one jail to another, and compensation and mileage of witnesses for the state duly subpoenaed and required to attend before any court, grand jury, or magistrate in a county other than that of their residence, and more than five miles from such residence, and where any witness for the state shall be confined in jail to await the trial in which he is to testify "*shall be paid in all cases as heretofore.*" If

the clause italicized should have its full effect, the cases falling under the *proviso* last quoted must be excluded from the influence of the preceding *proviso* as to nonliability also quoted. It could not be "paid as heretofore" if the taking of a bond exonerated the state and county from the liability imposed by previous statutes for the costs accrued in behalf of the prosecution.

But it is insisted in behalf of Hamilton county, regardless of the provisions above mentioned that the filing of a bond followed by a judgment thereon, with execution, and a *nulla bona* return would relieve the county and state, and for this proposition *Hamilton v. State,* supra, is referred to. That case, however, is not authority for the contention, but only for the proposition which we have stated in connection therewith, to the effect that after the prisoner has secured the fine and costs, and been discharged, he cannot, in the absence of fraud practiced, be rearrested if the bond is found to be noncollectable.

It results that the judgment of the court of civil appeals, remanding the case for answer and further proceedings, must be affirmed.