STATE OF TENNESSEE FOR USE OF MAYOR AND ALDERMEN OF THE TOWN OF MORRISTOWN *v.* HAMBLEN COUNTY *et al.*

(*Knoxville.* September Term, 1930.)

Opinion filed November 28, 1930. Petition to rehear denied December 13, 1930.

John R. King, for complainant, appellee.

E. F. Smith and W. N. Hickey, for defendant, appellant.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed by the City of Morristown to enforce its claim for street improvements abutting the courthouse. The improvement was made under the abutting property law found in chapter 501, Acts of 1911, and an amendatory Act, chapter 889, Acts of 1921.

The chancellor overruled a demurrer filed on behalf of the county and the question raised by the demurrer being determinative, an appeal was granted.

The question presented on appeal is whether, under the Acts mentioned, the city could make the assessment against the county and enforce payment of the claim by a sale of the courthouse or, in the alternative, by mandamus to compel the county court to pay for the improvement.

Until after the liability has been fixed and the amount of it determined by a decree of court or otherwise, mandamus would not lie. *Peerless Construction Co.* v. *Bass,* 158 Tenn., 618.

██ Doubtless the Legislature could impose the burden of improving streets abutting the courthouse lot upon the county. 25 R. C. L., 115. This might have been done by separate Act or by a provision of the abutting property law. In either event, the authority to make the assessment should clearly appear.

As said in *Mayor and Aldermen* v. *Hamblen Co.*, 136 Tenn., 242, the power to make such an assessment on behalf of the city government against the county government must be specially conferred by statute, for "the principle is well settled in this State that tax laws do not apply to property of the State or any of the arms of the State government unless they are specially mentioned therein and made subject thereto."

After quoting from the Act of 1911, the court declared that it conferred no power upon the city to make the assessment. Subsequently chapter 889, Private Acts of 1921, was passed, adding to section 10 of the Act of 1911 the following:

"Nothing herein shall be construed as exempting public property from special assessments, but it is the purpose of this Act, and same shall be so construed to make all property, whether public or private, abutting upon streets, highways, avenues or alleys within the improvement district liable for special assessments, and there shall exist in this Act no implied exemption in favor of public property; provided, however, improvements in front of property belonging to the city or town, as herein stipulated, shall be paid for by said city or town."

This amendment was designed to overcome the rule of an implied exemption of public property from taxation.

Nothing was said in the original Act about assessing public property and no provision was made in the original or amendatory Act for enforcing the assessment

against the county. The Legislature provided no means or method for payment by the county.

By a number of statutes the counties are burdened with State imposed obligations that absorb their revenue, and in Acts imposing the burden the Legislature, exercising the taxing power, lays a tax to raise the revenue, and as a rule the aggregate is barely sufficient to meet the county budgets. Nothing is ordinarily left to pay unexpectedly imposed burdens.

By the Act, as amended, the only provision for enforcement of the lien is as against private property, notwithstanding the rule that the power to tax public property must be clearly given and that the tax charge upon the public property cannot be enforced as on execution or other legal process.

The principle that controls in such cases is stated in *Mt. Sterling* v. *Montgomery Co.*, 44 L. R. A. (N. S.), 62, as follows:

". . . the power of the state to create separate, distinct governmental agencies free from the control and supervision of other governmental agencies, each acting independently of the other unless otherwise provided, is recognized. And arising out of this distinction, and the separate rights incident to it, we may deduce the principle that one governmental agency of the state cannot impose any burden upon another governmental agency of the state, in the absence of express authority from the state to do so. It is not so much a question of the exemption of one governmental agency from the control of another, as it is a lack of power upon the part of one to interfere with the concerns of the other without express authority so to do."

In the original Act the Legislature was dealing with the power of taxation as directed against private

property. It was framed to that end and its title carries no suggestion that the object originally expressed in the title would be extended to the broader object of imposing the tax upon the county as indicated in the amendment.

The amendment designed to subject the county's property to taxation by the city introduced another subject into the original Act without enlarging its title.

The inclusion of this additional object made the Act broader than the caption and so violated Article II, Section 17, of the Constitution.

"The rules as to the oneness of the subject of legislation to be expressed in the title apply to amendatory statutes. Such a statute incorporates itself with the original law, and the two become one statute, as fully and completely as if enacted at one time in one bill, and the matter of the amendment must not only be germane to the body of the original act, in order to avoid violating the one subject mandate of the constitution, but, in the absence of an enlargement of the title of the latter act, it must come within the title of the original statute and be germane to the subject there expressed, in order to comply with the other mandate that the subject be expressed in the title. If it be otherwise in either particular, it is void. *Memphis St. R. Co.* v. *Byrne,* 119 Tenn., 278, 104 S. W. 460; *Kirk* v. *State,* 126 Tenn., 7, 150 S. W. 83."

Assuming that the language of the amendatory Act was broad enough and comprehensive enough, it embodies matter not embraced in the title of the original Act. It violates Article II, Section 17, of the Constitution and is, for that reason, void.

The decree of the chancellor will be reversed and the demurrer sustained.

ON PETITION TO REHEAR.

This is a second petition for rehearing. It is said that chapter 501, Acts of 1911, as amended, under which the City of Morristown was proceeding to enforce an assessment against the courthouse is not broader than the caption; that the amendatory Act is a legislative declaration; that the original Act should not be so construed as to exclude public property from its provisions.

As stated in the opinion, public property cannot be taxed and the tax enforced by sale of such property without express statutory authority.

The object of Article II, Section 17, of the Constitution requiring the subject of legislation to be stated in the caption, was not put there without good reason, and its enforcement rests upon like ground.

The remedy provided in the Act for the enforcement of abutting property assessments is by sale of the property assessed. It could not be reasonably supposed that the legislature contemplated, when chapter 501, Acts of 1911, was passed, that the courthouse property would be assessed and sold under that Act. Neither this Act nor any other Act provides a method for payment of the tax. Therefore, the only remedy for enforcement of the assessment was by a sale, as in cases of personal property. The original Act could not be construed by either the legislature or the court to embrace public property, especially a courthouse, and a legislative construction that enlarged the Act and which authorized the town to sell the courthouse for payment of the tax, made the Act broader than the caption and clearly void under Article II, Section 17.