REAGAN *v.* FENTRESS COUNTY.

(*Jackson*, April Term, 1935.)

Opinion filed June 10, 1935.

REAGAN & HALE and W. R. STORIE, all of Jamestown, for plaintiff in error.

WARD R. CASE, of Jamestown, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

J. G. Reagan, circuit court clerk, sued the county in an action of debt for $2,590.80. He charged that the debt is for services rendered the county as clerk of the criminal division of the circuit court. It is stated in the declaration:

"Said sum is for fees and costs due him as said Criminal Court Clerk which fees and cost were properly adjudged against Fentress County by proper Courts of competent Jurisdiction, and said fees and bills of cost have been properly inspected, audited and certified as

a liability against Fentress County by the Judge and Attorney-General of the 19th Judicial Circuit of Tennessee, the Judge and Attorney-General having jurisdiction of the Criminal Court of Fentress County, Tennessee. Said fees and bills of cost as certified by the Judge and Attorney-General is here to the Court shown, and are filed herewith. That all of said fees and bills of cost are justly due the plaintiff and are unpaid after proper demand. Therefore the plaintiff J. G. Reagan sues the defendant Fentress County for the sum of ($2590.80) Twenty-Five Hundred Ninety & 80/100 Dollars and all the cost of the cause, and interest on said amount.''

The county demurred to the declaration, among other grounds: (1) Because the court is without jurisdiction upon the facts shown; (2) the remedy to enforce payment of costs adjudged against the county and certified for payment is by *mandamus* to compel the county judge to audit the bills and issue a county warrant; and (3) because the declaration and bill sued on show that the claim is for costs in criminal prosecutions not taxable against the county.

The trial judge held that the plaintiff's remedy was by *mandamus* to compel the county judge to audit the bills and issue his warrant for the sum of costs legally taxable against the county.

██ The county was not a party to any action in which the costs arose. All were incurred in criminal prosecutions. In such cases the county is only liable for costs cast upon it by the state through statutes which limit the county's liability to a particular class of cases disposed of under particular circumstances. These statutes show that the Legislature intended to throw safe-

guards around the county treasury by limiting the taxation of costs and forbidding withdrawals of county funds for payment of such costs until their taxation was approved and certified by the judge and district attorney and audited and approved by the county judge. The county judge is required to audit bills of cost notwithstanding their antecedent taxation against the county, and their certification for payment by the circuit or criminal judge and district attorney. *Musgroves* v. *Hamilton County*, 111 Tenn., 1, 77 S. W., 779.

■ It is proper to say here that no valid judgment for costs of criminal prosecutions can be entered unless authorized by statute. Code, section 12246; *State* v. *Odom*, 93 Tenn., 446, 447, 25 S. W., 105; *Morgan* v. *Pickard*, 86 Tenn., 208, 211, 9 S. W., 690.

■ Without a statute authorizing adjudication of costs in criminal prosecutions against the county or in the face of a statute which expressly extends liability of the county, a judgment rendered against the county for such costs would be void. *State ex rel.* v. *Nolan*, 8 Lea, 663, 668.

■ ■ Under section 12221 of the Code, a county judge may ignore void judgments for cost. This section is a re-enactment of section 5, chapter 22, Acts of the Extra Session of 1891, the validity of which the court refused to pass upon in *State* v. *Wilbur*, 101 Tenn., 211, 219, 47 S. W., 411, and *Henderson* v. *Walker*, 101 Tenn., 229, 47 S. W., 430. The infirmity attributed to the statute in the presentation of those cases was that the proclamation of the Governor calling the General Assembly into session did not include the subject-matter of the act. In *Stout* v. *State*, 91 Tenn., 405, 19 S. W., 19, the court ignored the alleged infirmity, and again in

*Henley* v. *State,* 98 Tenn., 665, 695, 41 S. W., 352, 1104, 39 L. R. A., 126, said that the act had been before the court more than once for construction, and its validity had never been seriously questioned. Without more, it is sufficient to say here that if the infirmity existed it was cured by the re-enactment of section 5, chapter 22, Acts of the Extra Session of 1891, into the Code of 1932. The power conferred by this statute did not extend to county judges when *State* v. *Puckett,* 7 Lea, 709, was decided. See also *State* v. *Wilbur, supra.* Before re-enactment of section 5 as section 12221 of the Code, the county judge could only correct illegal taxation of costs by motion under section 1069 of the Code. Sections 1069 and 12221 are not antagonistic. Both may stand.

██ When costs are certified by the circuit judge and district attorney for payment by the county and it appears on the face of the certified record that the judgment for costs is void because contrary to statute, the county judge may, under section 12221, refuse to pay it. If items of cost are included in violation of the statute, he may strike them out of the bill. *Morgan* v. *Pickard, supra; State ex rel.* v. *Nolan, supra.*

█ The statute confers upon the county judge the power and imposes upon him the duty of disallowing all or any part of costs illegally taxed and certified for payment by the county. The county judge may now exercise the same powers as those exercised by the comptroller. In *Morgan* v. *Pickard,* it is said the comptroller may examine and adjust bills of cost, disallow illegally taxed items, and draw a state's warrant upon the adjusted claim.

██ The county judge cannot avoid the duty imposed by statute, nor can the plaintiff claiming costs in

criminal prosecutions avoid the county judge's audit by a premature action of debt. The clerk has no valid claim upon the county for costs arising in criminal prosecutions until the county judge has audited the bills as the statute requires.

Plaintiff made profert of the several bills of cost that make the aggregate of $2,590.80. They are with the record. The bills include cost for the several terms of the criminal court from September, 1930, to September, 1934. Much was incurred before plaintiff was inducted into the office of circuit court clerk. The several bills of cost and judgments thereon make up a record of 1,012 pages. They include claims of cost as follows: "Bound over cases, no true bill." "Misdemeanor cases retired." "Misdemeanor cases not secured." "Misdemeanor cases, costs adjudged against the county." These quotations indicate the nature of some of the bills.

Some of the cost, probably a great part of it, certified by the county judge and district attorney is not taxable against it under sections 12246 and 12247 of the Code of 1932. Some of the bills of cost certified as payable by the county are in felony cases. It is not shown by the declaration whether or not the bills were presented to the county judge for approval.

It appears from an inspection of volume 3 of the exhibit, which contains 368 pages, that the bills included in this exhibit were certified by the criminal judge and the district attorney on the dates of May 4, 1934, June 15, 1934, and September 22, 1934. Bills certified on September 22 make up about one-third of the 368-page volume of costs.

Plaintiff's action was commenced on October 30, 1934,

only eight days after the criminal judge and district attorney certified the last lot of bills of cost. Evidently the county judge could not have inspected the bills of cost within that short period, for it would have been necessary to examine the certified record to see the character of cases in which the county was charged with costs to see whether costs were taxable against the county under section 12246 of the Code.

 Statutes regulating taxation of costs against counties contemplate co-ordination between the circuit judge, district attorney, and clerk on the one hand and the county judge on the other. The statutes were designed to work an equitable division of costs in criminal prosecutions and to restrict the liability for costs according to the result of cases. Where these officials properly exercise their powers and discharge their duties illegal costs are eliminated and audited without the expense of litigation, and the burden of the counties, or the state, as the case may be, is reduced to what the statute actually imposes upon them. No county is subject to an action of debt for such costs until all these officials have acted. If the county judge refuses to act when properly certified bills of cost are presented for audit and approval, or if he strikes out costs legally taxable against the county, *mandamus* is the remedy. *State ex rel.* v. *Gaines,* 4 Lea, 352; *Dietler* v. *Kincannon,* 151 Tenn., 652, 270 S. W., 984; *State* v. *Cummings,* 136 Tenn., 39, 188 S. W., 618.

We are not unmindful of the rule that *mandamus* will not lie to control official discretion nor to enforce unliquidated demands. See *State* v. *Martin,* 155 Tenn., 322, 292 S. W., 451; *Peerless Construction Co.* v. *Bass,* 158 Tenn., 518, 14 S. W. (2d), 732; *State* v. *Hamblen*

*County*, 161 Tenn., 575, 33 S. W. (2d), 73. But statutes which impose upon the county judge the duty to audit the bills and which govern his action in the payment of costs in criminal prosecutions, prescribe the particular manner and occasion in which the duty shall be performed and do it with such certainty as to leave no room for the exercise of discretion. These statutes require him to act within very definite limitations. Whether or not a bill of cost or any item of a bill of cost in criminal prosecutions certified against the county for payment is a legal charge is determinable by a mere reference to the statute and inspection of the bills certified. The amount legally chargeable in such cases is governed by law, not by the discretion of either the county judge or of the circuit judge and the district attorney. The county judge's duties are ministerial, not judicial. Hence the rule applied in *State* v. *Martin, supra,* and like cases, is not applicable.

Affirmed.