WHITE'S CREEK TURNPIKE COMPANY *v.* DAVIDSON COUNTY.

14L 73
16L 535

1. PLEADINGS AND PRACTICE. *Suit against county.* The Code, section 403, merely prescribes the mode of suing a county without creating any new county liabilities.

2. SAME. *Same. Damages.* An action will not lie against a county for damages sustained by the laying off by the county court of a public road afterwards held by the courts to be a shunpike, and ordered to be closed.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

DEMOSS & MALONE for Turnpike Company.

T. L. DODD and G. B. GUILD for County.

COOPER, J., delivered the opinion of the court.

Action brought by the turnpike company against the county of Davidson to recover damages for the wrongful act of the county court of Davidson county and its agents in laying off a public road, which was declared by the courts to be a shun-pike and a nuisance to the plaintiff's rights, and perpetually enjoined. The circuit judge sustained a demurrer to the declaration, and, upon the company's appeal, the Referees report in favor of affirmance. The company excepts.

It is well settled, and is conceded by the learned counsel of the plaintiff, that municipal corporations of

the character of our counties are not liable to a private action, at the suit of a party injured by a neglect of its officers to perform a corporate duty, unless such action is given by statute. This doctrine has been frequently applied where suits have been brought against towns or counties to recover for damages sustained in consequence of defects in the public ways. The common law gives no such action, and it is therefore not sustainable at all, unless given by statute. Cooley on Const. Lim., 302, 4th ed. The law has been so settled in this State. *Wood* v. *Tipton County*, 7 Bax., 112.

The power to open roads, this court has uniformly held, is a prerogative of sovereignty, which has been delegated by the Legislature to the county courts, and is exercised by them as a municipal function. The act is judicial where the courts undertake to adjudicate the rights of individuals in a case properly within their jurisdiction. *Turnpike Company* v. *Maury County*, 8 Hum., 342; *Hawkins* v. *Justices*, 12 Lea, 356. In either view, the county court could not be held liable for an honest mistake of judgment. *Grant* v. *Lindsay*, 11 Heis., 651, 667. There is a strong intimation by Judge Turley, in the opinion delivered by him in the *Turnpike Company* v. *Maury County*, 8 Hum., 355, which was the case of a shun-pike, that an action might lie against the county court. But Nicholson, C. J., who was one of the counsel in that case, very properly says, in the subsequent case of *Grant* v. *Lindsay*, 11 Heis., 651, 668, that " the remark was only a *dictum.*" He suggests that

an action might lie where the proceeding complained of was dictated by a malicious motive. But the action, in that view, would only lie against the individuals whose conduct was thus influenced. Of course, no action would lie against a county upon a claim or cause which would not sustain an action against the agent of the county doing the wrong.

The plaintiff's counsel, conceding that the action could not be maintained under the common law, rest the right upon the Code, sec. 403. The previous section makes every county a corporation. Section 403 is: "Suits may be maintained against a county for any just claim as against other corporations; and process shall be served on the presiding officer of the county court." The argument is that this section not only prescribes a remedy, but creates liabilities on the part of the county where no liability existed before. Counties in this State have always been held to be public municipal corporations with limited powers, and liable as such. The doubt had been as to the mode of bringing the suit and serving the process. The common plan was to sue the justices composing the county court, and serving process on each one of them, a cumbrous and expensive mode. *Maury County* v. *Lewis County*, 1 Swan, 236. In this situation of affairs the Legislature passed the act of 1857, ch. 15. This act provides in substance that when any person may have "any just claim," either legal or equitable, against a county, he might institute his suit against the county, at law or in equity, "under the same rules and regulations that govern

actions between private individuals," the process to be served on the presiding officer of the county court. The sole object of the act was to simplify the remedy, without affecting the liabity of the county. The revisers of the Code brought the provisions of this act into the section under consideration. When we read the section by the light of the statute there cannot be a particle of doubt that the Legislature only had in view the remedy. And even without this aid, the language of the section itself admits of no other construction. Not. a word is said about the just causes of action, nor is there the least intimation that the liabilities of counties were intended to be enlarged. We cannot increase the liability of counties by implication. The legislation leading to such a result must be positive. This section of the Code, it plainly appears from the language of the opinion, was before the court in *Wood* v. *Tipton County*, 7 Bax., 112, and the conclusion reached that the liability of the county was not thereby enlarged. Of course, we do not undertake to determine that new liabilities may not be created by the imposition on counties of special duties by law. The case before us involves no question of that character.

The exceptions to the report will be overruled, and the judgment below affirmed with costs.