## CARROLL COUNTY v. C. W. MATLOCK.

Western Section. March 21, 1928.

Petition for Certiorari denied by Supreme Court July 14, 1928.

McCall & Browning, of Huntingdon, for plaintiff in error.

J. T. Peeler, of Huntingdon, for defendant in error.

HEISKELL, J.  This is a suit by C. W. Matlock against Carroll County to recover for value of right of way appropriated in construction of State Highway Number 22, from McKenzie to Huntingdon, and damages incidental thereto.  A jury allowed plaintiff $75 for value of land taken and $175 damages, and the County has appealed.

The County defended under a plea of not guilty.  There is no dispute as to plaintiff's ownership of the land, nor the description of the right of way used.  It is not denied that the strip of land has been taken possession of and appropriated for highway purposes.

The first and third assignments of error are that it was error to overrule defendant's motion for peremptory instructions.  This was not one of the grounds for a new trial and cannot be assigned as error.  However, the same contention can be and is made to a large extent under the second assignment.

It is not contended that there is no evidence to support the amount of the verdict if the jury had a right to pass on the case at all.  The whole contention of the defendant County is therefore stated in the second assignment, which is as follows:

"The court erred in overruling and disallowing defendant's motion for a new trial.

"The five grounds urged as reasons for a new trial are all set out on pages 3 and 4 of the transcript and it is not necessary to set them out in full here.  They are all based on the failure of plaintiff to introduce any proof connecting the defendant with committing any damages to plaintiff, as alleged in his declaration and on the ground that even if it should be conceded that the County took the land, it would be for a State purpose and the County would be acting for the State and could not be sued."

There is an attempt, by the third assignment, to raise the question that the declaration does not state a cause of action against the County.  No such contention was made during the trial, nor on the motion for new trial.  The issues presented to this court must therefore be limited to the grounds embraced in the motion for a new trial, as summed up in defendant's second assignment.  This assignment contains two propositions.  (1) There is no proof that the County took possession of the land.  (2) If it did, it was for State purposes.  The County was acting for the State and could not be sued.

As to the proof. The plaintiff, C. W. Matlock, testified that the County took possession. There was no objection to this testimony and no cross-examination in regard thereto. J. M. McCormick, a witness for the County, says he was a member of the committee appointed by the county court to go upon the premises of persons claiming damages against the County, to ascertain the nature and extent of the damages and report back; that the committee reported $200 for land taken from Matlock and damages. All the proof introduced by the County went to the question of the value of the land taken and damages. There was no evidence to negative the idea that the County had taken possession of the land. If the County had nothing to do with taking the land it could have shown the fact. Its own proof of the appointment of a committee looks like an admission of liability for the taking. Considering this, in connection with plaintiff's unchallenged testimony, it cannot be said there was no evidence before the jury that the County took possession of the land. It remains to consider whether or not this authorized a judgment against the County.

It is conceded that under the authority of the statute, Act of 1919, chapter 149, section 9, the County may acquire for the State rights of way for State highways, by donation, by agreement with owners, or by condemnation. If the County contracted to purchase the right of way from the owner, we take it as a matter of course the County must pay the consideration agreed on. So, if the County acquires by condemnation proceedings, the judgment for compensation will go against the County. The Supreme Court holds in State Highway Department v. Mitchell's Heirs, 142 Tenn., 70, that such condemnation proceedings, where details are not provided for in Acts of 1917 and 1919, proceed under the general provisions of Code, Sec. 1844. It is a fixed rule under the code provisions for condemnation that whenever any corporation, public or private, having power to condemn, takes possession without condemnation, it is liable to the owner for the same amount that should have been assessed in the condemnation suit. If then the jury was justified in finding that the County took possession of this land it would seem to follow as a matter of course that the County would be liable to the plaintiff just as in a condemnation by the County.

The question is not left open for argument, however. In the case referred to, State Highway Department v. Mitchell's Heirs, 142 Tenn., at page 70, the court says:

"As before indicated, proceedings herein will be according to the general condemnation laws, except as they are modified by the Acts of 1917 and 1919. Compensation will be assessed and a judgment against the County then obtained, for such a judgment is plainly authorized by section 5 of chapter 74 of

the Acts of 1917. The same section enacts this: All judgments rendered and other expenses necessarily incurred in such condemnation proceedings shall be paid out of the general funds of the County, in which the expenses are incurred and standing to the credit of the trustee, on the warrant or voucher of the County Judge or chairman drawn under the direction of the secretary of the department.''

That was a condemnation suit brought by the Highway Commission and Washington County, and the court in reversing and remanding the case said it would be proceeded with under the general law except as modified by Acts of 1917 and 1919, and that a judgment would go against the County for compensation due the owner of the land. If, then, in the present case the State Highway Commission had instituted condemnation proceedings the judgment would have gone against the County of Carroll for the compensation due the owner, Matlock. Applying then the general rule that the party liable in case of condemnation is liable in case of possession taken without condemnation it is immaterial whether possession was taken by the County or by the Highway Commission, in either event the compensation should be assessed against the County.

According to the case of Highway Commission v. Mitchell's Heirs, supra, it is this provision for payment by the County that saves the two Acts of 1917 and 1919 from being unconstitutional. This is a most emphatic dissent from the position taken by counsel for the defendant that if the right of way was secured by the County it would be for the State and as an agency of the State that the State could not be sued and therefore the County could not be.

The two statutes taken together, with the general provisions for condemnation in the Code constitute a scheme by which the obligation is imposed upon the County, in the first instance to secure the right of way for highway purposes. If the County will not act promptly then the State authorities may act, so the work will not be delayed, but in any event the amount due the land owner is assessed against the County, and this result follows if possession is taken without proceedings to condemn.

The view we have taken of this case makes it unnecessary to follow much of the argument on both sides and to notice most of the cases cited. If our opinion is correct, the assignments not contained in the motion for a new trial might be considered and it would not affect the result; they would have to be overruled. Our conclusion is that all assignments of error must be overruled and the judgment of the lower court affirmed. Judgment will go against the County of Carroll and its surety on appeal bond for the amount of the judgment in the lower court, with interest and costs.

Owen and Senter, JJ., concur.