DEPARTMENT OF HIGHWAYS AND PUBLIC WORKS, et al. v. GAMBLE, et al.—73 S. W. (2d) 175.

Middle Section.   February 17, 1934.

Petition for Certiorari denied by Supreme Court, June 23, 1934.

Roy H. Beeler, Attorney-General, John L. Neely, Assistant Attorney-General, and W. C. Cook, of Dickson, for the state.

Parks & Parks, of Lynchburg, for defendants in error, Gamble and others.

CROWNOVER, J. This is a condemnation suit brought in the county court of Moore county, under chapter 867 of the Private Acts of 1921, by State of Tennessee department of highways and public works, and R. B. Setliff, road commissioner of Moore county, against the defendants in error, certain landowners, to condemn a right of way 50 feet wide through defendants' lands for the construction of state highways Nos. 15 and 55 in Moore county; the purpose being to take the county highway which was not wide enough and construct out of it a state highway by condemning land on each side sufficient to make the road 50 feet wide, as appears from a map filed as Exhibit A to petition.

Process was issued and served on the defendants notifying them of the filing of the petition as required by said act, but only a few of the defendants made defense, and all the other defendants who are now interested in the case did not make defense.

On September 14, 1927, a decree was entered in the county court condemning the right of way and ordering the road to be opened by the county road commissioner and the state department of highways and public works, who were empowered to enter upon and take possession of said right of way for the purpose of constructing the highway according to the map and plat made by the state highway department on file in the case; but at that time the question of damages was reserved until after the completion of the road.

It appears that some of the defendants who are not now interested in the case contested the location of the road and their matters were afterwards settled.

It appears that after this judgment of condemnation the department of state highways and public works took possession of the right of way and constructed the state highways above mentioned, and in February, 1933, the defendants now interested filed a petition in the county court reviewing the facts that the county road commissioner and the state department of highways and public works had condemned a right of way through said lands for state highway purposes and had taken possession of the same under the orders or judgment of the county court, and asked for damages against both the county and the State of Tennessee under the provisions of chapter 57 of the Public Acts of 1931, insisting that the county was liable when the property was taken and that the state was liable under said last-named act as the question of damages was undetermined when the act was passed, and they prayed for a hearing as to their damages, and that notice of the filing of the petition be given to the road commissioner of Moore county and to the state commissioner of highways and public works, and that subpoena issue and be served on them.

The clerk, on February 8, 1933, issued a notice or summons to

Davidson county for F. W. Webster, commissioner of highways and public works for the State of Tennessee, requiring him to appear and make defense on February 23, 1933, and the same was served on him on February 14, 1933, by a deputy sheriff of Davidson county.

The Attorney-General of the state filed on February 22, 1933, a motion to quash the summons issued by the county court and served on the state commissioner for insufficiency of form, in that the summons was issued to Davidson county and served on the state commissioner of highways and public works without it being shown that it was a counterpart summons from Moore county.

On February 23, 1933, an order was entered in the county court reciting the fact that the commissioner of highways and public works of the state, through the office of the Attorney-General for the state, had "filed a plea, and no action was taken thereon by the court, but action is deferred to such time as counsel for such Commissioner desires to present the same to the court for action thereon."

Later on a final judgment was entered in the case in the county court reciting that the case had been heard on February 23, 1933, and action thereon had been deferred until February 25, 1933, as the court had taken the same under advisement, at which time the county judge announced his conclusion, awarding damages to the respective defendants whose lands had been taken and who had not been settled with, naming them, and the amount of damages awarded to each. He held that the State of Tennessee was primarily liable under chapter 57 of the Public Acts of 1931, and that Moore county was secondarily liable.

On April 21, 1933, Frank W. Webster, commissioner of highways and public works of the State of Tennessee, by and with the consent of the Attorney-General, filed a petition in the circuit court of Moore county for writs of certiorari and supersedeas, seeking to have the case transferred from the county court to the circuit court for a trial de novo, and to supersede the judgment for damages. In his petition he reviewed the procedure in the case and alleged that the judgment for damages in favor of the respective defendants and against the State of Tennessee was unjust for many reasons set out in the petition, and that the petition for certiorari was resorted to in lieu of appeal for the reason that he and the Attorney-General had no notice of the entry of the judgment for damages in the county court until a short time before the filing of said petition.

The circuit judge awarded the writs of certiorari and supersedeas on condition that the department of highways and public works pay in to the office of the circuit court clerk $1,136.07 to cover the damages that each defendant might recover at the trial in that

court for the land condemned. The commissioner paid said amount into the registry of the court, and the writs were issued as prayed.

Thereupon the state commissioner filed a motion to dismiss the defendants' suit for damages for several reasons therein set out, which will be hereinafter more fully discussed.

The court dismissed the motion filed by the state commissioner, and the case was tried by the court and a jury and resulted in a verdict and a judgment in favor of the defendants for the respective amounts therein set out. The state commissioner of highways and public works filed motions for a new trial and in arrest of judgment, which were overruled; to which he excepted and appealed in error to this court. No bill of exceptions was prepared and filed, although several depositions were copied into the record.

Counsel for the respective parties entered into a stipulation that the actual and incidental damages awarded to each of the defendants as fixed by the court were actually sustained by the parties, and no question is made as to the amounts. It was further agreed that the right of way was surveyed out through the lands of the defendants by the engineers of the state highway department, and that the same was taken over by said department and the state highway was constructed on said right of way.

It appears that Moore county did not appeal and is not contesting the judgment against it, but the state commissioner of the department of highways and public works has assigned the following errors:

I. The court erred in overruling plaintiff in error's motion to dismiss the suit, for the following reasons:

(1) Because the petition asking for damages is a new suit against the state of Tennessee and is prohibited by law.

(2) The county court had no jurisdiction to condemn land for state highway purposes or to render judgment for damages against the state department of highways or the state of Tennessee.

(3) Because neither the state department of highways nor the state commissioner was authorized to bring this suit in the county court under a private act.

(4) Because condemnation suits for state highway purposes can only be brought by the Attorney-General and district attorney in the circuit court under the eminent domain statutes.

(5) Because neither the state department of highways and public works nor the state commissioner was a party to the condemnation suit in the county court, and the petition was not signed by any one who had authority to bind the state department of highways or the state commissioner.

(6) The judgment was void because it was rendered when the case was not at issue, in that (a) there was pending a motion to quash the summons, and (b) the judgment was rendered within ten

days after the service of the summons, and prior to the return day fixed by law.

II. The court erred in not quashing the summons served on the state commissioner of highways and public works.

III. The court erred in sustaining the plea of estoppel filed by the defendant to the petition for certiorari and supersedeas.

1. Of course we cannot consider any error predicated upon the facts of the case as no bill of exceptions was filed, but this does not dispose of the motion to dismiss the suit and other assignments of errors based upon the pleadings or technical record. Lyon v. Crabtree, 16 Tenn. App., 42, 64 S. W. (2d), 24; opinion of this court prepared by Presiding Judge Faw in the case of State Department of Highways and Public Works v. W. M. Roseborough, 68 S. W. (2d), 132.

2. The proposition that the filing of the petition in the county court asking damages was a new suit seeking to recover a judgment against the state is not well made. Of course there are many decisions holding that the State of Tennessee cannot be sued without its consent, and that no judgment can be rendered against the state without authority granted by legislative acts [Phillips v. Marion County, 166 Tenn., 83, 59 S. W. (2d), 507], but that has no application to condemnation suits instituted by the state commissioner of highways and public works. Chapter 57 of the Public Acts of 1931 makes the state primarily liable for damages for rights of way condemned for state highway purposes. Baker, Commissioner of Highways, v. Donegan, 164 Tenn., 625, 47 S. W. (2d), 1095, 52 S. W. (2d), 152; Baker v. Rose, 165 Tenn., 543, 56 S. W. (2d), 732; Baker v. Carson, 165 Tenn., 551, 56 S. W. (2d), 734.

The petition filed by the defendants asking for damages was merely a petition filed in the condemnation case in the county court, and the judgment condemning the land expressly reserved the right to later adjudicate the damages; hence the proceeding under that petition for damages was clearly a continuation of the condemnation suit and a part of that proceeding, and this assignment must be overruled.

3. It is insisted that the county court had no jurisdiction to condemn rights of way for state highway purposes or to render judgment for damages against the state department of highways and public works or the State of Tennessee in favor of the landowners, and that neither the state highway department nor the state commissioner was authorized by any law to institute condemnation proceedings in the county court.

This raises a serious proposition, that is, whether the county court of Moore county had jurisdiction to condemn lands for said

highway purposes; but after an investigation of the authorities we are of the opinion that it did have jurisdiction. The Public Acts of 1917, chapter 74, and of 1919, chapter 149, creating the department of highways and public works, empowered the commissioner of that department to determine all questions relating to the general policy of the department of highways and to designate and lay out a system of state highways in the state. That department was authorized through its commissioner to condemn land by eminent domain for all rights of way for the state highways, and the several counties wherein the roads were situated were given the power of eminent domain and were authorized to condemn rights of way for such state highways, but no mode of condemnation was set out in said acts. Code, sections 3171 to 3206.

It was held by our Supreme Court that either the state commissioner of highways or the county in which the road was situated, or both together, might institute the condemnation proceedings, and where no mode of procedure was set out in the act the right of eminent domain was conferred upon them with reference to the established mode of procedure in cases existing at the time, and that the general statutes regulating the taking of private property for works of internal improvement (Code, sections 3109 to 3170), except as such general practice might be modified by special acts, would govern. State Highway Department v. Mitchell's Heirs, 142 Tenn., 58, 216 S. W., 336.

"There can be no question but that in taking property under the Acts of 1917 and 1919 for highway purposes the highway commission and the county act merely as arms or agents of the state. Property so acquired is for a state purpose. Rights of way so obtained form links in the state'h highway system, to be supervised by the state, and to be maintained with a tax levied by the state.

"That is to say, the highway commission and the counties act as governmental agencies in the matter, and not in any corporate or individual capacity. So if it be conceded that the general laws governing condemnation proceedings would otherwise apply, nevertheless such laws may be repealed or modified in their application to the highway commission, and the several counties, acting under authority of the Acts of 1917 and 1919. These agencies may be authorized to proceed in a different way to accomplish such a purpose; for nothing is better settled than that special laws may be passed affecting counties, municipalities, school districts, and the like, as arms or agencies of the state. State v. Wilson, 80 Tenn. (12 Lea), 246; Ballentine v. Pulaski, 83 Tenn. (15 Lea), 633; Williams v. Nashville, 89 Tenn., 487, 15 S. W., 364; Redistricting Cases, 111 Tenn., 234, 80 S. W., 750; Todtenhausen v. Knox County, 132 Tenn., 169, 177 S. W., 487; Quinn v. Hester, 135 Tenn., 373, 186

S. W., 459.'' State Highway Department v. Mitchell's Heirs, 142 Tenn., 66, 67, 216 S. W., 336, 338.

The Private Acts of 1921, chapter 867, was an act to promote the construction and maintenance of a system of public roads in Moore county, and to authorize the condemnation of land for materials and for the public roads, and to regulate the procedure in road cases in that county; to provide for the election of a county road commissioner who was authorized to make the necessary rules and regulations for the working of public roads of the county, and he was given power to open, change, close, or abandon any road when necessity required it. The procedure to open, change, close, or abandon any road, or portion thereof, was summary in character; and the proceedings should be instituted by petition signed by the county road commissioner or by interested parties, addressed to the county judge or chairman of the county court, and filed with the clerk, who should set a date for the case to be heard by said judge or chairman, and notify the petitioners and the landowners of the date set for hearing. It was provided that the county judge or chairman should hear evidence and make his decision, and should fix the amount of the damages suffered by the landowners, which damages should be paid out of the county treasury. The act further provided that any person dissatisfied with the judgment might appeal to the next term of the circuit court where the case should be heard de novo.

This act is somewhat similar to the general law which has been followed in other cases. Lafollette v. Road Commissioner, 105 Tenn., 536, 58 S. W., 1065.

This act clearly comes within the principle of law above quoted from the case of State Highway Department v. Mitchell's Heirs, and authorizes the condemnation of right of way for state highway purposes, and the remedy provided by this act for opening roads and condemning land in Moore county is cumulative. The commissioners could elect whether they would proceed under this Private Act in the county court or follow the general eminent domain statutes. Derryberry v. Beck, 153 Tenn. 220, 280 S. W. 1014; Department of Highways v. Stepp, 150 Tenn., 682, 266 S. W., 776.

In the latter case it is shown that a similar special act had been passed for Coffee county, Private Acts of 1923, chapter 154, which act provided a special procedure for the condemnation of land. In that case the department of highways and the highway commissioner of Coffee county proceeded to file a petition in the circuit court under the eminent domain laws to condemn some of the defendants' land for state highway purposes. The defendants insisted that the Private Act provided an exclusive remedy, and that the petition should have been filed in the county court. The Supreme Court held that they had a right to proceed in the circuit

court under the general domain laws, and that the Private Act did not confer exclusive jurisdiction upon the county court.

The question of damages not having been settled, we think that the Public Acts of 1931, chapter 57, applied, and that the state is primarily liable for the damages assessed. Baker v. Rose, 165 Tenn., 543, 56 S. W. (2d), 732; Baker v. Carson, 165 Tenn., 551, 56 S. W. (2d), 734. We think the county court was given jurisdiction under the Private Act to condemn the rights of way, and that it had jurisdiction to award the damages; hence these assignments must be overruled.

4. It is insisted that condemnation suits for state highway purposes can only be brought by the Attorney-General and district attorney in the circuit court under the regular eminent domain statutes, and that the Attorney-General has control of the case. We do not think that this contention is well made. Under the acts above cited creating the department of highways and public works, the commissioner is given power and authority to lay out a state highway system and to determine all questions relating to the policy of the department, and he is given power to designate the roads to be constructed and their location, and whenever he finds it necessary or advisable his department is authorized to, in his own name or in the name of the state or county, condemn all necessary rights of way, gravel beds, and other materials necessary for the construction and repairing the roads contemplated by the statute, and in so doing may bring and prosecute all necessary condemnation suits. Code, sections 3178-3206. The Attorney-General and the district attorney shall act as attorneys for the department without additional compensation. Code, section 3207.

It is clear from these sections that all of the power and authority is given to the state highway commissioner to determine all questions relating to the policy of the department. And he is the man who has the right to bring and prosecute suits of condemnation and to determine whether they should be dismissed. The Attorney-General and the district attorney merely represent the department, and have no right to determine whether the suit should be prosecuted or dismissed other than as an attorney. They are not given the authority in these suits that is given in proceedings in the name of the state against corporations, and to prevent usurpation of office and other proceedings in the nature of quo warranto, set out in Code, sections 9336 to 9358. In the latter suits the signature of the Attorney-General is essential, and he has control of the suit. State v. Agee, 105 Tenn., 588, 59 S. W., 340; State v. Red River Turnpike Co., 112 Tenn., 615, 79 S. W., 798.

It will thus be seen that the signature of the Attorney-General or his consent to bringing these condemnation proceedings is not necessary. The county was given power of eminent domain, and

had a right to bring the condemnation proceeding in the county court; hence, this assignment is not well made and must be overruled.

5. It is insisted that neither the department of highways nor its commissioner was a party to the condemnation suit in the county court, and that the petition was not signed by any one who had authority to bind the state department of highways or its commissioner. We think this assignment is not well made, for the reason that the petition for condemnation shows on its face that the state department of highways and public works was a party petitioner to the suit. It was not necessary that the highway commissioner or the Attorney-General sign or make oath to the petition. The record shows that the state highway department had surveyed out the right of way before the petition was filed, and that after the land was condemned it was agreed that the department had taken possession of the right of way and had constructed a state highway on that route. The trial judge held that the suit was brought by the state highway commissioner, and the evidence was not preserved by a bill of exceptions; hence we do not know what evidence the trial judge had, and we must presume that he had sufficient evidence upon which to base the judgment. Netherland v. Johnson, 5 Lea, 340, 343. We hold that the state highway department has no right to instigate or institute condemnation proceedings, have land condemned, and take possession of it for state highways, and then after all this is done repudiate liability. This assignment must be overruled.

6. It is insisted that the judgment awarding damages was void because it was rendered when the case was not at issue, while a motion to quash the summons was pending and the judgment was rendered prior to the return day of the summons as fixed by law. It is further insisted that the court erred in not quashing the summons served on the state highway commissioner for the reason that it did not show that it was a counterpart summons from Moore county. We are of the opinion that this assignment is not well made. The summons or notice was issued by the clerk on February 8, 1933, in which it is stated that the case was set for trial on February 23, 1933, in the county court at Lynchburg, and the notice was served by a deputy sheriff on the state commissioner on February 14, 1933. Under Code, section 10205, the county court is deemed to be always open for the dispatch of business, and it is provided by Code, section 10206, that process from the county court, unless otherwise ordered by the court, should be returnable to the first Monday five days after service of process,' and it is insisted that judgment was rendered before the case was at issue and while a motion to quash the summons was pending. As above stated, this petition for damages was not the institution of a new

suit, and the paper served on the commissioner was not a summons in the sense of its being a leading process, but it was rather a notice that the case was set for trial on February 23, 1933. The clerk merely notified the commissioner when the case would be tried, and the notice gave a reasonable time. This was all that was necessary. The motion to quash was not good for the reason that failure to mark or note on the process ''counterpart summons'' did not affect the validity of the judgment. White v. Lea, 9 Lea, 449. The clerks of most courts usually set the dates for trial of cases on the docket, and this is done under the direction of the court.

It appears that the case was tried without the motion to quash having been brought up. This was an abandonment of the motion. Teasdale & Co. v. Manchester Produce Co., 104 Tenn., 267, 56 S. W., 853.

Hence, it appears that the motion to quash was not well made and had been abandoned by the parties, and there is nothing in the contention that the judgment was rendered prior to the return day fixed by law.

7. It is insisted that the court should have dismissed the suit on petitioner's motion, as the state commissioner of highways and the Attorney-General had control of the case. But, as above stated, we think that none of the reasons stated are sufficient. It was too late to take a nonsuit after condemnation and actual appropriation of the land. In this case the condemnation of the land was had in the county court to which no exceptions were filed and no appeal prayed by the landowners, and the state took possession of the land, appropriated it, and constructed the state highway on it. Hence it was entirely too late for a nonsuit. Cunningham v. Terminal Co., 126 Tenn., 343, 354-357, 149 S. W., 103, Ann. Cas., 1913E, 1058. It will be remembered that the act provided that the commissioner was empowered immediately upon the filing of the petition for condemnation of rights of way to take possession of the right of way sought to be condemned. State Highway Department v. Mitchell's Heirs supra. Hence, it was too late to take a nonsuit. Cunningham v. Terminal Co., supra.

8. It is insisted that the court erred in sustaining the plea of estoppel filed by the defendants to the petition for certiorari and supersedeas. This plea reviewed the acts of the state highway department and the road commissioner of Moore county in the proceeding for the condemnation of the right of way, and showed that the land had been condemned in their petition, that the state highway department had taken possession of it and had constructed a state highway along the route, all of which was pleaded by way of estoppel. We think the plea was unnecessary, but all the facts were true and the state highway department should have been estopped; hence, we overrule this assignment of error.

It results that all the assignments of errors are overruled, and the judgment of the circuit court awarding damages to the respective defendants in error is affirmed, with interest from the date of the judgment in the lower court, June 26, 1933, to the present. The cost of the cause including the cost of the appeal is adjudged against the department of highways. It appearing that the state highway department has paid into the registry of the circuit court of Moore county a certain sum of money for the recoveries in the case, the cause will be remanded to the circuit court of Moore county with the direction that the clerk pay out the sums to the respective defendants in error as herein adjudged, under the orders of that court in the manner provided by law.

Faw, P. J., and DeWitt, J., concur.