WALKER v. TURNER et al.—122 S. W. (2d) 804.

Middle Section. July 23, 1938.

Petition for Certiorari denied by Supreme Court, December 17, 1938.

282

John S. Hale, of Jamestown, for appellants.
Will R. Storie, of Jamestown, for appellee.

FAW, P. J.  This record presents a controversy between a judgment-creditor and a garnishee.  The record of the proceedings by which the creditor's judgment was obtained is eliminated from the transcript by stipulation and a "designated" record is before us. However, it is stipulated of record that "complainant Lena Turner Walker has a valid and binding judgment for $240 and the costs of the cause against M. C. Turner, J. G. (Gordon) Turner et al., and that the same and no part thereof is satisfied."

An execution was issued from the aforesaid judgment and was executed by garnishment notice to W. M. Johnson, County Judge, G. C. Stockton, County Court Clerk, and W. H. Norman, Trustee, and to each of said named officials "also as Fentress County Road Commissioners," summoning them to appear before the Clerk & Master of the Chancery Court of Fentress County on a named date to answer on oath what they are indebted, or what Fentress County is indebted, or may have become indebted from the service of the notice to the time of answer thereof, to M. C. Turner or J. G. (Gordon) Turner.

The garnishees answered (through G. C. Stockton, County Court Clerk and Road Commissioner of Fentress County) and thereupon the Chancellor decreed that Lena Turner Walker recover of Fentress County, Tennessee, the complainant's aforesaid judgment of $240 and costs, making the total sum of $298.33.

Fentress County excepted to the foregoing decree and prayed an appeal to this Court, which was granted, and the County was "given thirty days to perfect its appeal."

In this court a preliminary question is presented by a motion on behalf of the appellee "to dismiss the appeal of Fentress County . . . because appellant has failed to execute and file appeal bonds as required by law in Code of Tennessee, sections 9043-9044-9045, thereby failing to perfect their appeal as granted by the court in the final decree."

The Code sections thus invoked by appellee prescribe the bond which shall be taken on appeal or appeal in the nature of a writ of error in certain specific actions (section 9043) ; in all other cases of appeal in suits at law (section 9044) ; and where decrees are for a specific sum of money and against the party in his own right (section 9045).

No appeal bond was filed by the appellant in this case, and, for reply to the motion to dismiss the appeal, the appellant says that "this judgment is against the County itself, and not against any of its officers in their representative capacity," and that, "in such cases the County, being a governmental arm of the State, may

prosecute an appeal without giving security for either the cost or the judgment rendered against it.''

It appears that Fentress County entered into a contract with the State Department of Highways to procure rights of way for the construction of an extension of a certain state highway in Fentress County, and the County Court of Fentress County authorized and empowered the Road Commissioners of said County to procure such rights of way, by purchase if this could be done ''for a reasonable compensation,'' but if not, then by condemnation under the laws of eminent domain.

Pursuant to the authority thus vested in them, the Road Commissioners of Fentress County obtained a deed to a right of way from J. G. (Gordon) Turner, for an agreed price of $450, payable on certain conditions hereinafter stated.

A county is not required to give bond for costs in litigation growing out of the exercise of its functions as an arm or agency of the state, such as suits for condemnation of a right of way for a public highway. State Highway Department v. Mitchell's Heirs, 142 Tenn. 58, 69, 216 S. W. 336.

In acquiring a right of way for highway purposes, the county acts as an arm or agency of the state. Department of Highways and Public Works v. Gamble, 18 Tenn. App. 95, 101, 73 S. W. (2d) 175.

And the county is none the less acting as an arm of the Sovereign if it obtains possession of a right of way without instituting a condemnation suit. Carroll County v. Matlock, 7 Tenn. App. 564, 566.

The Code sections upon which appellee relies (9043, 9044, 9045) do not, *in express terms,* either include or exclude the state or counties; but such statutes, couched in general terms, though unqualified will not apply to the state, nor to counties when acting as an arm or agency of the state. Henley v. State, 98 Tenn. 665, 689, 41 S. W. 352, 1104, 39 L. R. A. 126.

The Arkansas case of State v. Blackburn, 61 Ark. 407, 33 S. W. 529, 530, is cited with approval in Henley v. State, supra; and in the Arkansas case it is said: ''In the construction of statutes declaring or affecting rights and interests, general words do not include the state, or affect its rights, unless it be especially named, or it be clear, by necessary implication, that the state was intended to be included.' And counties have the benefit of the same strict construction of statutes affecting them as has the state in like circumstances.''

We are of the opinion that Fentress County was, and is, entitled to prosecute its appeal in this case without an appeal bond, and appellee's motion to dismiss the appeal is overruled.

Through its first assignment of error the appellant says that, ''the court erred in holding that Fentress County was subject to garnishment; neither the county, nor the County Highway Com-

mission, is subject to garnishment on a debt of the kind disclosed in this record."

The facts on which the learned Chancellor based his decree are disclosed by the answer of the garnishee, from which we quote as follows:

"Question 3. Did the County Court authorize the County Road Commission to purchase Right of Ways on the Jamestown and Livingston Highway in order to meet the State Highway Dept. requirement for an extension of said highway? Ans. 3. Yes sir. At the January Term of Court 1937.

"Question 4. Will you file a certified copy of that order as Exhibit No. one to your answer? Ans. 4. Yes sir.

"Question 5. In pursuance to that order of the County Court did the Commissioners purchase a right of way from Gordon Turner or J. G. Turner? Ans. 5. Yes Sir. We secured a deed and right of way.

"Question 6. How much was Fentress County to pay Mr. Turner for this right of way? Ans. 6. The dwelling house and crib on the Turner right of way was to be moved from off the right of way and if Mr. Turner removed same we was to pay him $450.00.

"Question 7. Was this transaction reported to the County Court and did they approve same at the April Term of Court 1937? Ans. 7. Yes Sir.

"Question 8. Will you file a certified copy of said order as Exhibit No. 2 to your deposition? Ans. 8. Yes Sir.

"Question 9. I see by said order the Court authorized the payment immediately after the April term of said Court one-third of the payment of the $450.00 going to Gordon Turner. Had this been paid at the time or before the service of this garnishment? Ans. 9. It had not been paid.

"Question 10. How would said amount been paid if said (amount) should have been paid? Ans. 10. By County Warrant drawn upon the County Trustee by the County Judge."

The order mentioned in the foregoing answer of the garnishee as made at the January Term 1937 of the County Court of Fentress County appears in the record as follows:

"Whereas the State Department of Highways has submitted a proposition to Fentress County pertaining to the construction of a highway from where it is now completed near Manson, Tenn., to the Fentress and Picket County Line. Which proposition is in words and figures as follows to-wit:

" (Here Proposal Follows)

"It is therefore ordered by the Court upon Motion of John C. Choate and seconded by T. A. Campbell, that Fentress County accept the proposition as presented by the State Highway Department, and the proper authorities of Fentress County are authorized

to execute proper contract with the State Highway Department for the construction of said road as per the terms of said proposition, and the Highway Commissioners are authorized to get proper deeds for the rights of way for said road. If said rights of way cannot be gotten for a reasonable compensation, then said Commissioners are authorized to condemn said property as per the laws of Eminent Domain.''

And the order made at the April Term 1937 was as follows:

''Ordered by the Court that Gordon Turner be paid immediately ⅓ of $450.00. The amount allowed him for removing corn-crib and dwelling house off of right of way West road—or Highway # 52. Balance to be paid as necessary in removing said buildings.''

The decree of the Chancellor (after reciting the aforesaid facts disclosed by the answer of the garnishee and the exhibits thereto) was as follows:

''It further appears to the Court that the Complainant's judgment and cost is unpaid, including the costs incident to the service of the garnishment notices, etc. making a total indebtedness of $298.33.

''It is therefore, ordered, adjudged and decreed by the Court that Lena Turner Walker recover of Fentress County, Tennessee, said amount. It is further ordered, adjudged and decreed that said judgment against Fentress County, Tennessee, will be paid and satisfied by the County Judge issuing and deliveirng the County Warrant for any amount due J. G. Turner under the orders of the Quarterly Court herein referred to, said warrant to be delivered to the Clerk and Master of this Court, which will be applied to the satisfaction of the judgment obtained in this cause, including the costs.''

We are of the opinion that appellant's first assignment of error, supra, must be sustained. ''According to almost unanimous authority, a county is exempt from being made garnishee. These major divisions of the State are deemed to be peculiarly within the rule of public policy which prohibits interference with the performance of public functions by the private remedy of garnishment.'' 28 C. J. p. 58, sec. 70.

Again, at page 128 (sec. 168) of the same volume, it is said: ''Debts due to defendant from the government or its agencies are generally held exempt from garnishment, at least until the government or its agency has lost control of it, not only on account of the capacity of the garnishee's holding or indebtedness, but also because the debt or appropriation is not deemed to belong to defendant until it has been paid over to him.''

To same effect, see Wade on Attachment, vol. 2, sec. 454, and numerous cases cited in notes, 18 Am. Dec. 203; 51 Am. St. Rep. 119; 86 Am. St. Rep. 829; 3 Ann. Cas. 180; 37 L. R. A. 207.

286

■ The rule announced by the above cited authorities is in accord with the settled law of this State prior to the act of 1921, chapter 29 (carried into the Code of 1932 as section 7714). Cavender v. Hewitt, 145 Tenn. 471, 474, 239 S. W. 767, 22 A. L. R. 755.

Section 7714, supra, as amended by the Public Acts of 1933, chapter 134, section 1, reads as follows:

"Exemptions and garnishment as to officers and employees of counties, and municipalities.—Garnishment of salaries, wages or other compensation due from the State of Tennessee [or] any county or municipality to any officer or employee thereof is permissible, and no [state], county or municipal officer or employee may validly claim any privilege or immunity in that regard; provided that such officer or employee shall be entitled to an exemption of the amount of his wages, salary or compensation, so due, as is exempt from levy or garnishment in favor of officers or employees of private corporations in like circumstances as set forth in the sections above." Williams Annotated Code, Section 7714.

It is obvious that the instant case does not fall within the terms of the statute above quoted, and "in the absence of express statutory provision clearly evincing the intention to grant the use of the process of garnishment against counties, public policy forbids that they should be subjected to the process." 12 R. C. L. p. 842, sec. 81.

■ The county of Fentress not being subject to garnishment in this case, the judgment rendered against it was, and is, void. 12 R. C. L. p. 843; Duval County v. Charleston Lbr., etc., Co., 45 Fla. 256, 33 So. 531, 60 L. R. A. 549, 3 Ann. Cas. 174; State ex rel. v. Tyler, Auditor, etc., 14 Wash. 495, 45 P. 31, 37 L. R. A. 207, 53 Am. St. Rep. 878; Reagan v. Fentress County, 169 Tenn. 103, 107, 83 S. W. (2d) 244. The Appellant's first assignment of error is, therefore, sustained.

■ The appellant presents another assignment of error (necessarily in the alternative) as follows:

"The Court erred in holding that the County owed J. G. (Gordon) Turner, because the appropriation made by the County to him was for the specific purpose of removing his house and barn off the County's right-of-way, and there is no proof in the record that he has complied with the condition of the order of the Quarterly County Court by removing the house and barn, and the County's debt to J. G. (Gordon) Turner, if any, is a conditional debt, and is not subject to garnishment."

So far as the judgment of this court is concerned, it is unnecessary, in view of our action on the first assignment of error, to consider this latter assignment; but it may be proper for us, as an intermediate appellate court, to make a finding upon the matters presented by the second assignment.

The order of the County Court at its April term, 1937, directed "that Gordon Turner be paid immediately one-third of $450" ($150), but the "balance to be paid as necessary in removing said buildings" off of the right of way.

There is an entire absence of evidence in the record that said buildings have been moved off the right of way, or that any part of the work necessary to such removal has been done. It results that, if the county had been subject to garnishment process, there was no basis in the record for a judgment against the garnishee for more than $150.

But holding, as we do, that the county of Fentress was not subject to garnishment in this case, the decree of the Chancery Court is reversed, and a decree will be entered here quashing the garnishment process and dismissing the proceedings against the garnishee.

The costs of the cause incident to the garnishment in the court below, and the costs of the appeal, will be adjudged against the appellee, Lena Turner Walker.

Crownover and Felts, JJ., concur.