92

CITY OF PARIS, TENNESSEE, Plaintiff in Error, v.
MRS. CARNELL BROWNING, Defendant in Error.
—396 S.W.(2d) 367.

Western Section. May 7, 1965.

Certiorari Denied by Supreme Court November 15, 1965.

See also 55 Tenn.App. 104, 396 S.W.2d 372.

Hugh K. McLean, Paris, for plaintiff in error.

Aaron C. Brown and Aaron C. Brown, Jr., Paris, for defendant in error.

BEJACH, J. In this cause, on July 29, 1964, Mrs. Carnell Browning, who was plaintiff in the lower court, recovered a judgment against the City of Paris, Tennessee, as defendant, in the sum of $2,166, based on a declaration which alleged negligence in the maintenance of the streets of said city, with particular reference to a dangerous manhole therein located. On November 17, 1964, the defendant's motion for a new trial was overruled, and an order was entered on the minutes of the court, which contains the following provision:

"IT IS THEREFORE ORDERED, and Adjudged by the Court that said motion for a new trial be and the same is hereby in all things overruled and disallowed.

To the action of the Court in overruling and disallowing said motion for a new trial, the defendant respectfully excepts, prays and is granted an appeal to the next term of the Court of Appeals sitting at Jackson, Tennessee. Defendant is allowed thirty (30) days from the entry hereof within which to file his appeal bond, giving sufficient sureties or otherwise comply with the law and thirty (30) days within which to have

same prepared and file his bill of exceptions and otherwise perfect his appeal."

On December 3, 1964, a bill of exceptions was signed by the trial judge and filed; but no appeal bond, nor a pauper's oath in lieu of same, was filed either at that time, or at any time since. The record in the cause, including both the technical record and said bill of exceptions was filed in this Court February 11, 1965. On March 27, 1965, after an order extending time to March 28, 1965 had been entered, counsel for City of Paris, as plaintiff in error, filed assignments of error, brief and argument. On April 13, 1965, counsel for defendant in error, Mrs. Carnell Browning, who had been plaintiff in the lower court, filed in this Court a motion designated

"Motion to Dismiss Appeal and Affirm Judgment of the Lower Court and Remand Cause to Enforce Decree on Behalf of Defendant in Error, Mrs. Carnell Browning."

Said motion was argued before this Court April 27, 1965, and this opinion will dispose of same. In this opinion, for convenience, the parties will be referred to, as in the lower court, as plaintiff and defendant, or called by their respective names.

It is the contention of counsel for plaintiff that the defendant, City of Paris, like any other litigant, having been sued in its individual or corporate capacity and not as an arm or agent of the State of Tennessee, was as a necessary part of perfecting its appeal, required to file an appeal bond, and that its failure to do so entitles plaintiff to have her motion granted, the judgment af-

firmed, and the cause remanded for enforcement of same. Counsel for defendant, on the other hand, takes the position that the defendant, as a municipal corporation of the State of Tennessee, is entitled to perfect its appeal and have same disposed of without the filing of a bond.

Section 27-312 T.C.A. provides:

''When an appeal or appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the Court of Appeals or Supreme Court, the appeal shall be prayed and appeal bond shall be executed or the pauper oath taken within thirty (30) days from the judgment or decree of the court, but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty (30) days, the court may extend the time to give bond or take the oath, but in no case more than thirty (30) days additional.

The expiration of a term of court shall have no effect in the application of this section. In all cases where the appeal has not been prayed for within the time prescribed in this section, the judgment or decree may be executed.''

In support of their motion, counsel for plaintiff cite and rely on City of Memphis v. Fisher, 68 Tenn. 239, 1 Leg.Rep. 169, and Malone v. Williams, 118 Tenn. 390, 103 S.W. 798, 121 Am.St.Rep. 1002.

In City of Memphis v. Fisher, an Act of the Legislature of 1875, which authorized municipal corporations with a population of 35,000 or more to institute suits or prosecute appeals without giving security for costs, was held to be unconstitutional. The Supreme Court's opinion,

written by Freeman, J., is very short, and we quote same in full, as follows:

"By an act of the Legislature of 1875 municipal corporations with a population of 35,000 or more, were authorized to institute suits either at law or in equity in any of the State courts, without giving bond for costs, and also to prosecute appeals, writs of error, attachments, injunctions, etc., without giving security for costs.

In this case a motion was made to dismiss the appeal of Memphis under this act.

Held, that while municipal corporations in some sense are public bodies having powers conferred on them appertaining to sovereignty, such as power to levy and collect taxes, yet in another aspect, as when they become suitors, or are sued in courts, they stand as individuals. In this latter view municipal corporations must be governed by the general law, and can have no 'general law suspended for their benefit, nor any law passed for their benefit inconsistent with the general law of the land.' Art. XI, sec. 8, Constitution of Tennessee. The act of 1875 is repugnant to this section of the Constitution, and therefore void.

Motion sustained with costs." City of Memphis v. Fisher, 68 Tenn. 239-240.

The decision in City of Memphis v. Fisher was reaffirmed in Malone v. Williams, 118 Tenn. 390, 103 S.W. 798, 121 Am.St.Rep. 1002. From the Supreme Court's opinion in the latter case, written by Mr. Justice Neil, later Chief Justice, we quote, as follows:

"The next section complained of is section 7 of article 8. That section reads as follows:

'Sec. 7. Be it further enacted that the city, in taking appeals or prosecuting a writ of error in any judicial proceeding, shall give bond as required by law, but it is hereby released from the obligation of law to furnish security therefor. Every such bond shall be executed by the president in the name of the city and under the corporate seal thereof, and shall be taken in all courts of this state as a full and complete compliance with the law in such cases.'

An act of the Legislature embodying the substance of the foregoing section was held unconstitutional and void, as in violation of article 11, sec. 8, of the Constitution as far back as the April term of this court in the year 1877. See City of Memphis v. Fisher, 68 Tenn. 239. The section above quoted must therefore be declared unconstitutional." Malone v. Williams, 118 Tenn. 431-432.

In Fleming v. City of Memphis, 126 Tenn. 331, 148 S.W. 1057, 42 L.R.A.,N.S., 493, Ann.Cas.1931D, 1306, the Supreme Court held unconstitutional provision in the charter of the City of Memphis which exempted that city from liability or damages for injuries to persons or property by reason of defects in its streets or alleys, although, in Williams v. Taxing District, 84 Tenn. 531, while the functions of Memphis were being operated as a taxing district, the identical exemption had been upheld as constitutional. Further reference to that situation, and to that case, will be made in a later portion of this opinion.

Counsel for defendant cites and relies on Walker v. Turner, 22 Tenn.App. 280, 122 S.W.(2d) 804, as authority for excusing or exempting the City of Paris from filing an appeal bond in the instant case. In that case, Fentress

County, as judgment debtor under a decree of the Chancery Court, undertook, without filing an appeal bond, to appeal from a decree against it as garnishee of funds due to the defendant Turner, to whom the county was indebted for land purchased in connection with the acquisition of a right of way for a state highway. From the opinion of the Court of Appeals, written by Faw, P. J., we quote, as follows:

"It appears that Fentress County entered into a contract with the State Department of Highways to procure rights of way for the construction of an extension of a certain state highway in Fentress County, and the County Court of Fentress County authorized and empowered the Road Commissioners of said County to procure such rights of way, by purchase if this could be done 'for a reasonable compensation', but if not, then by condemnation under the laws of eminent domain.

Pursuant to the authority thus vested in them, the Road Commissioners of Fentress County obtained a deed to a right of way from J. G. (Gordon) Turner, for an agreed price of $450, payable on certain conditions hereinafter stated.

A county is not required to give bond for costs in litigation growing out of the exercise of its functions as an arm or agency of the state, such as suits for condemnation of a right of way for a public highway. State Highway Department v. Mitchell's Heirs, 142 Tenn. 58, 69, 216 S.W. 336.

In acquiring a right of way for highway purposes, the county acts as an arm or agency of the state. Department of Highways and Public Works v. Gamble, 18 Tenn.App. 95, 101, 73 S.W.(2d) 175.

And the county is none the less acting as an arm of the Sovereign if it obtains possession of a right of way without instituting a condemnation suit. Carroll County v. Matlock, 7 Tenn.App. 564, 566.

The Code sections upon which appellee relies (9043, 9044, 9045 [27-315, 27-316, 27-313, T.C.A.]), do not, *in express terms,* either include or exclude the state or counties; but such statutes, couched in general terms, though unqualified will not apply to the state, nor to counties when acting as an arm or agency of the state. Henley v. State, 98 Tenn. 665, 689, 41 S.W. 352, 1104, 39 L.R.A. 126.'' Walker v. Turner, 22 Tenn.App. 283, 122 S.W.(2d) 804.

Walker v. Turner, and the language therefrom quoted above, cannot, in our opinion, be considered as authority for exempting the City of Paris from filing an appeal bond in the instant case; and, especially is this true because, as was held in Wood v. Tipton County, 66 Tenn. 112, White's Creek Turnpike Co. v. Davidson County, 82 Tenn. 73, and numerous other cases, counties have been held to be exempt from suits for injuries caused by defects in or negligence in the maintenance of county roads and bridges, whereas, cities and towns, as municipal corporations of this State have been uniformly held liable in such cases. For a discussion of the reasons behind such distinction, we quote from the Supreme Court's opinion, written by Cooper, J., in the case of Williams v. Taxing District, 84 Tenn. 531, referred to above, as follows:

''By the common law, the citizen had no remedy against the county for an injury caused by the neglect of the county to keep the public roads in good repair.

And such is the state of the law to this day, although the county is a municipal corporation: Wood v. Tipton County, 7 Baxt. 112; White's Creek Turnpike Company v. Davidson County, 14 Lea 73. The reason is that the county, in its municipal capacity, is only an arm or instrument of the State to carry out its sovereign prerogative in opening and keeping up public roads, and the Legislature may give it only such powers as it deems best, and limit its liabilities, accordingly. Originally, the State alone could levy taxes for the county; Marr v. Enloe, 1 Yer. 452. And although the Constitution now authorizes the Legislature to delegate to counties and incorporated towns the power to tax for county or corporation purposes, the Legislature may refuse to delegate it, and reserve to itself the exclusive right: Luherman v. Taxing District, 2 Lea, 425.

The current of authority, while recognizing the exemption of counties from liability for injuries caused by failing to keep the public roads in repair, nevertheless holds an incorporated town liable for a similar injury occasioned by neglect of its public streets. The reason of the distinction is, that municipal corporations of this class, while still arms of the State government, are more complete entities, and are enjoined and given the power to maintain the streets in a safe condition. But, in addition, says Mr. Dillon, 'the duty or burden must appear, upon a fair view of the charges or statutes, to be imposed, or rest upon the municipal corporation, as such, and not upon it as an agency of the State, or upon its officers as independent public officers:' Dillon on Mun. Corp. sec. 789. If, in fact, the municipal corporation stands, in relation to its streets, in the situation of a county as to its public roads, the

liability for neglect of duty would be the same. In the case before us, the municipality exercises supervision over the paving and repairs of streets and construction of bridges, and has power to enter into all necessary contracts for the work, but 'subject to the limitations and restrictions' of the Taxing District act. Some of these restrictions we have seen, under which if, as the declaration alleges, 'ample taxes for the purpose' have been levied by the Legislature and placed in the control of the Taxing District, there may be no funds on hand to justify any contract. The power to tax for any purpose is expressly withheld from the corporation. It is clothed with less power in the matter of taxation than the county. And if a sufferer from a defect in the streets can only look to the Legislature for redress, a suit against the corporation would be unwarranted. The corporation is in reality only an agency of the State in the matter of its streets, and an essential element of liability is wanting." Williams v. Taxing District, 84 Tenn. 535-537.

The exemption of counties from suit was, for a time, modified, in the case of nuisances, by the decision of the Supreme Court in Chandler v. Davidson County, 142 Tenn. 265, 218 S.W. 222; but that case was overruled in Buckholtz v. Hamilton County, 180 Tenn. 263, 174 S.W.(2d) 455, and the exemption of counties as it existed prior to Chandler v. Davidson County was restored. With reference to municipal corporations, other than counties, however, even where a nuisance occurs in the performance of a governmental function, such municipal corporations may be sued and held liable for damages. See City of Chattanooga v. Dowling, 101 Tenn. 342, 47 S.W. 700; City of Chattanooga v. Reid, 103 Tenn. 616,

53 S.W. 937; City of Nashville v. Mason, 137 Tenn. 169, 192 S.W. 915, L.R.A.1917D, 914; Yarbrough v. Louisville & N. R. Co., 11 Tenn.App. 456; Johnson v. Tennessean Newspaper, 192 Tenn. 287, 241 S.W.(2d) 399; Vaughn v. City of Alcoa, 194 Tenn. 449, 251 S.W.(2d) 304; City of Columbia v. Lentz, 39 Tenn.App. 350, 282 S.W.(2d) 787.

██ For the reasons above stated, it is apparent to us that plaintiff's motion, so far as it seeks to dismiss the defendant's appeal, is good and must be sustained. It was held in England v. Young, 155 Tenn. 506, 296 S.W. 14, that after the time authorized by section 27-312 T.C.A., appellate courts of this State are without authority to permit the filing of a bond after the lapse of time authorized by that Code section. The time has not elapsed, however, within which under the provisions of sections 27-601 to 27-612 T.C.A., inclusive, the defendant in the instant case may apply for a writ of error, and have this cause heard in this Court on the record already filed here. Counsel for defendant has declared his intention to do so, if the motion to dismiss the appeal is sustained. It is our opinion, therefore, that so far as plaintiff's motion seeks an affirmance of the judgment of the Circuit Court in this cause, and in so far as it seeks a remand to the Circuit Court for enforcement of that judgment, the motion, must, at this time, be denied.

An order may be entered sustaining plaintiff's motion to dismiss defendant's appeal because of failure to file an appeal bond, as is required by section 27-312 T.C.A., but without prejudice to the right of defendant to apply for a writ of error, and upon the furnishing of adequate bond or bonds provided for in sections 27-601 to 27-612, T.C.A., have this cause heard on the Assignments of Error heretofore filed, or on such other and additional

assignments of error as counsel for defendant, City of Paris, as plaintiff in error, may elect to file.

The costs of the appeal accrued to date will be adjudged against the plaintiff in error, City of Paris.